PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
──────────────────────────────────

EARL REYES,

                Plaintiff,                Case # 16-CV-191-FPG

v.                                          DECISION AND ORDER

KAREN R. BELLAMY, et al.,

                Defendants.
──────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Earl Reyes brings this action against Director of Inmate Grievance Program Karen R. Bellamy, the Central Office Review Committee ("CORC"), Acting Superintendent John Doe, Dr. Sallah Abassey, Nurse Administrator S. Michalek, and Nurse Macynus.

Plaintiff alleges that Defendants did not provide him medical care for serious conditions while he was confined at Attica Correctional Facility, which produced pain and serious risk of harm. ECF No. 1 at 3-5. He asserts that his letters and grievances were disregarded, and he was directed to use the medical call out procedure to get treatment even though he told Defendants that his sick call requests were being ignored. *Id.*[1] Plaintiff also requests injunctive relief and raises a state law intentional infliction of emotional distress claim. *Id.* at 8.

On January 16, 2018, Defendants Moved to Dismiss many of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* ECF No. 8 at 10-14. Plaintiff responded in opposition with a Motion to Amend. *See*

---

[1] Plaintiff's Claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, were dismissed when the Court screened Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915A. ECF No. 6 at 2.

1

ECF No. 10 at 11-13, 11. For the reasons that follow, Defendants' Motion for Partial Dismissal is GRANTED, and Plaintiff's Motion to Amend is DENIED.

## BACKGROUND[2]

Before he arrived at Attica, Plaintiff was diagnosed with an ingrown toenail and a procedure to remove it had been cancelled. ECF No. 1 at 3. On March 20, 2015,[3] Reyes wrote to Michalek for help with his medical issues, including the ingrown toenail, painful cysts on his scrotum and lower abdomen, a polyp in his sinus, and hemorrhoids. *Id*. Plaintiff wrote that he was in a "debilitated state" and was "bed ridden," and he alleged that he received inadequate treatment from the nursing staff. *Id*. Michalek denied Plaintiff's request for help. *Id*.

On March 26, 2015, Plaintiff was summoned to see Macynus to discuss the letter to Michalek. *Id*. at 4. Macynus pressed on the outside of Plaintiff's nose and stated that the polyp was small. *Id*. Plaintiff requested a "thorough investigation" of the polyp. *Id*. Macynus provided Plaintiff with antifungal cream. On June 17, 2015, Plaintiff filed a grievance against Doctor Abassey, Michalek, and Macynus alleging that they denied him medical care. ECF No. 1 at 5. Michalek "addressed but one medical concern (pain medication)" and the grievance was denied. *Id*. Plaintiff believes that the Grievance Committee "deferred to Defendant S. Michalek's statement." *Id*. Plaintiff appealed to the Superintendent and then to CORC, but both grievances were denied in reliance on Nurse Administrator Michalek's opinion. *Id*. Plaintiff believes that Doctor Abassey "at all times evaded Plaintiff's attempts to be seen, and upon reviewing the Plaintiff's medical records deliberately evaded the Plaintiff." *Id*.

---

[2] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true to evaluate Defendants' Motion to Dismiss.
[3] Given the chronology of Plaintiff's Complaint, the actual date Plaintiff provides—May 20, 2015—appears to be a typographical error.

**I. Defendants' Motion**

On January 16, 2018, Defendants moved to dismiss some of Plaintiff's claims and argued that Plaintiff's application for preliminary injunction was rendered moot by his transfer to Shawagunk Correctional Facility. ECF No. 8-1 at 4. Alternatively, Defendants assert that Plaintiff has not established entitlement to a preliminary injunction. *Id*. at 6.

Defendants argue that the Eleventh Amendment bars Plaintiff's claims against CORC and his official capacity claims for monetary damages, and that the claims against Bellamy and CORC fail to allege their personal involvement. *Id*. at 11, 13. Finally, Defendants argue that Plaintiff's state law claims must be dismissed under New York State Correction Law § 24, which requires such claims to be raised in the Court of Claims. *Id*. at 14-15.

**II. Plaintiff's Motion**

On February 28, 2018, Plaintiff responded to Defendant's motion and sought to amend his Complaint to add members of CORC as Defendants and to add new claims. ECF No. 10 at 5. Plaintiff's proposed amended first cause of action repeats his original Eighth Amendment inadequate medical care claims and his second cause of action repeats his dismissed ADA claims. *Id*. at 11, 12. His proposed amended fourth cause of action[4] alleges gross negligence and presents "an unintentional tort and a constitutional tort under the New York State Constitution and the Constitution of the United States." *Id*. at 13. Plaintiff's proposed amended fifth cause of action alleges that supervisory Defendants, John Doe superintendent, John Doe Health Services Director, Michalek, Bellamy, and CORC members "were grossly negligent in supervising" their subordinates. *Id*.

---

[4] Plaintiff does not set forth a proposed "third" cause of action.

Plaintiff's proposed amended sixth cause of action alleges that CORC members retaliated against him and denied him medical care. Plaintiff alleges that he requested medical assistance on October 13, 2016, and Dr. Rao told him that "although [his] medical conditions will eventually cause [him] to become anemic," Albany and CORC will not authorize payment for his medical issues or approve examinations by outside specialists. ECF No. 10 at 13. Plaintiff further alleges that in July and August of 2017, while he was at Shawagunk Correctional Facility, he requested medical assistance and Dr. Lee told him that Albany and CORC will not approve his treatment and that it would be "a waste of time to even try," after he told Plaintiff that his "conditions could result in death." *Id.*

On February 28, 2018, Plaintiff filed a memorandum arguing that CORC members were amenable to suit in their personal capacities for money damages and in their official capacities for equitable relief, opposing dismissal of his state law claims, and alleging that Defendant's Motion to Dismiss was untimely. ECF No. 11 at 4. He also claims that his application for a preliminary injunction is not moot, because he is subject to a statewide policy. *Id*. at 8.

Plaintiff argues that he has sufficiently alleged the personal involvement of Bellamy and the CORC members because each was in a position to remedy the alleged wrongs and failed to do so. *Id*. at 12. Finally, Plaintiff argues that he "brings his state law claim suing defendants for money damages in their official capacities as is done in state court," and therefore his claims should not be dismissed. *Id*. at 14.

### III. Defendants' Response

On March 5, 2018, Defendants responded to Plaintiff's Motion. ECF No. 12. Defendants assert that their Motion to Dismiss was timely and, after a review of the docket in this case, the Court agrees. *See* ECF Nos. 6, 7, 8.

4

Defendants also argue that the Court should deny Plaintiff's application for a preliminary injunction as moot. ECF No. 12 at 5. They argue that Plaintiff is not subject to a statewide policy, and that none of the CORC member have been served as Defendants. *Id.*

Defendants repeat that CORC is immune from suit and argue that Plaintiff has not established the personal involvement of the (un-served) CORC members or Bellamy. *Id*. at 12. Specifically, Defendants argue that an individual's involvement in a denied grievance does not establish personal involvement. Defendants also argue that Plaintiff had to bring his state claims in the New York State Court of Claims and request dismissal on that basis. *Id*. at 11.

Defendants have not moved to dismiss Plaintiff's Eighth Amendment medical claims against Defendants Abassey, Michalek, or Macynus.

## IV. Legal Standard

Rule 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

5

Preliminarily, the Court is confronted with Plaintiff's Motion to Amend in response to Defendants' Motion to Dismiss. Rule 15(a)(1) permits a party to amend as a matter of course within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff acknowledges that he received Defendant's Motion on January 19, 2018, and he filed his Motion to Amend no earlier than February 16, 2018. ECF No. 10 at 23. Because this is more than 21 days after Defendants' filed their Motion, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Interpreting Rule 15(a)(2), the Second Circuit has said that only "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . or futility of amendment will serve to prevent an amendment prior to trial." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F3d 83, 87-88 (2d Cir. 2002) (citation, internal quotation marks, and edits omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Id.*

Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, "a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Conforti v Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016). Here, while Plaintiff seeks to replace Defendant CORC with named CORC members and adds new claims, his allegations are largely the same as those in his original Complaint, and Defendants have addressed his claims in their responsive pleading. Therefore, for the purpose of efficiency, the Court, in its discretion, will consider the sufficiency of Defendants' arguments "[s]o that if the proposed

6

amended complaint cannot survive the motion to dismiss, then plaintiff['s] cross-motion to amend will be denied as futile." *Id.*

V. **Analysis**

1. **Claims Against Bellamy and the CORC Members**

Defendants do not contest the personal involvement of Defendants Abassey, Michalek, and Macynus. They do, however, move to dismiss all claims against Bellamy and oppose Plaintiff's proposed addition of named CORC members as Defendants based on their lack of personal involvement.

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). A supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

Reyes argues that his allegations establish that Bellamy and the CORC members are liable under all five theories. ECF No. 11 at 12. However, Plaintiff bases his argument on their failure to sustain his grievances and order Defendants Abassey, Michalek, and Macynus to alter his course

7

of treatment. Plaintiff concedes that Bellamy and CORC relied on Michalek's opinion, against whom Plaintiff's claims are proceeding. ECF No. 1 at 5.

"CORC is a committee within NYSDOCCS; it is neither an agency of New York State, nor is it a 'branch' of a state agency. Thus, the CORC is not an entity that can be served with process." *Green v. Cent. Off. Review Comm.*, No. 06-CV-6312 MAT, 2012 WL 1191596, at *6 (W.D.N.Y. Apr. 9, 2012) (citation omitted). To the extent that Plaintiff seeks to sue CORC as an organization, all such claims must be dismissed with prejudice.

Plaintiff's proposed amended complaint also seeks to sue the CORC members and Bellamy as the Director of DOCCS' Grievance program. ECF No. 10 at 6. Plaintiff alleges that "the members of CORC will not authorize payment for [his] medical issues nor are they willing to approve examinations by outside specialists." *Id.* at 13. Plaintiff states that two treating physicians blamed CORC for their decision not to order the treatments Plaintiff desired. Plaintiff does not make factual allegations against any individual CORC members; instead, he attributes CORC's decisions to all of its members. *See* ECF No. 1 at 38 (CORC decision noting that Facility Health Directors "have the sole responsibility for providing treatment to the inmates under their care.").

"District courts in this circuit have routinely held that [an official] who investigates a grievance does not become personally involved in the alleged underlying constitutional violation." *Williams v. Smith*, No. 9:11-CV-0601 LEK/TWD, 2015 WL 1179339, at *8 (N.D.N.Y. Mar. 13, 2015) (collecting cases). Where a complaint "merely states that [defendant] affirmed the denial of his grievance . . . [it] is well established that absent some personal involvement by [defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under Section 1983." *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002).

8

In *McKenna v. Wright*, 386 F.3d 432, 438 (2d Cir. 2004), the Second Circuit approved the dismissal of claims against an official with an "adjudicating role concerning a grievance," but not against the "supervisor of a medical program." This is because "a prison administrator is permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been 'personally involved' if he does so." *Joyner*, 195 F. Supp. 2d at 506. As such, Plaintiff has failed to show that his proposed additional Defendants or Bellamy were personally involved in the alleged denial of medical care by the Defendants involved in Plaintiff's treatment.

Therefore, Defendant's Motion to Dismiss all claims against Bellamy are GRANTED, and Plaintiff's proposed amendment adding the CORC members is DENIED as futile.[5]

2. **Official Capacity Claims**

Defendants moved to dismiss Plaintiff's official capacity claims. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). States are not "persons" under § 1983 and, therefore, § 1983 does not abrogate Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (Just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the

---

[5] To the extent that Plaintiff also seeks to add as Defendants John Doe Superintendent and John Doe Facility Health Services Director (who have not been identified or served and are not represented by the Attorney General, and thus not addressed by Defendants' Reply Memorandum), such an amendment is also denied as futile. Claims against the Superintendent for denial of grievances fail for the reasons stated regarding Bellamy and CORC. Claims against the Facility Health Services Director fail because Plaintiff has set forth no factual allegations against this individual that would support an inference of deliberate indifference to Plaintiff's medical condition. ECF No. 10 at 11 ¶ 19.

9

identity of the government that employs them.). Plaintiff may therefore sue the Defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. at 140-141. Since none have consented, the Eleventh Amendment bars Plaintiff's suit for money damages against Defendants in their official capacity.

   3. **State Law Claims**

Defendants assert that Plaintiff's state law claims fail under Fed. R. Civ. P. 12(b)(1), (2) and (6). ECF No. 8-1 at 14. Defendants argue that New York State Correction Law § 24 requires that all such claims be brought in the New York State Court of Claims. Section 24 provides in pertinent part:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

As the Second Circuit has held, "Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997) (citations omitted). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Id.*

As Defendants note, this provision has been applied against Plaintiff regarding prior complaints about his medical treatment. *See Reyes v. Wenderlich*, Case # 14-CV-6338 (FPG)(MWP), ECF No. 33 at 3-5. Like in that case, the state law claims that Plaintiff seeks permission to assert against the Defendants here fall within the scope of Section 24 immunity.

10

DOCCS and its employees have a duty to provide medical care and treatment to its prisoners. *See Kagan v. New York*, 646 N.Y.S.2d 336, 342 (2d Dep't 1996)). Failure to perform that duty, particularly as it relates to a DOCCS employee's decision to grant or deny medical treatment, falls within the scope of employment because it occurs during the employer's work. *See Ierardi*, 119 F.3d at 188. Plaintiff's claims against DOCCS medical staff members, which relate to allegations that Defendants denied certain of Plaintiff's medical requests and ignored his complaints, are precisely the type of claims Section 24 bars.

Therefore, Plaintiff's state law claims are DISMISSED as barred by the immunity conferred by Correction Law § 24. *See, e.g.*, *Johnson v. N.Y. State Dep't of Corr. Servs. & Comm. Supervision*, No. 11-CV-079S, 2013 WL 5347468, at *4 (W.D.N.Y. Sept. 23, 2013) (holding that Section 24 bars consideration of the plaintiffs' alleged state law claims against the individual defendants); *O'Diah v. Fischer*, No. No. 08-CV-941 (TJM/DRH), 2012 WL 987726, at *22 (N.D.N.Y. Feb. 28, 2012) (granting motion to dismiss amended complaint alleging state law claims relating to medical care, concluding that "§ 24 prohibits the advancement of [such] claims"), *report and recommendation adopted*, 2012 WL 976033 (N.D.N.Y. Mar. 22, 2012).

### 4. Motion for Preliminary Injunction

Defendants assert, and Plaintiff concedes, that he has been transferred from Attica to Shawagunk Correctional Facility since Plaintiff requested a preliminary injunction. Plaintiff is currently housed at Auburn Correctional Facility.[6] "[A] transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *see also Shannon v. Venettozzi*, No. 17-2092, 2018 WL 4224321 (2d Cir. Sept. 6, 2018) (summary order)

---

[6] *See* http://nysdoccslookup.doccs.ny.gov.

While Plaintiff asserts that the denial of the requested treatment in his new facility shows that it is a product of a statewide policy, Plaintiff identifies no such policy that would affect medical decisions regarding his treatment. Alleging similar treatment of the same medical condition does not establish a statewide policy, and the remaining Defendants are not officials with statewide authority. *See Wright v. N.Y. State Dep't of Corr. & Comm. Supervision*, 568 F. App'x 53, 55 (2d Cir. 2014) (summary order) (finding that the pplaintiff's transfer to a new facility did not moot his request for an injunction because the DOCCS and its Acting Commissioner remained as defendants). Accordingly, Plaintiff's request for a preliminary injunction is DENIED as moot.[7]

**5. New Claims in Plaintiff's Proposed Amended Complaint**

Plaintiff's proposed Amended Complaint sets forth five potential causes of action. First, Plaintiff asserts his Eighth Amendment claim that is proceeding against Abassey, Michalek, and Macynus. Second, Plaintiff asserts an ADA claim, which the Court already dismissed.

Third, Plaintiff asserts that Defendants were grossly negligent, failed to provide basic medical care, and "violated his right to equal protection of the laws." ECF No. 10 at 13. Plaintiff therefore brings claims of "an unintentional tort and a constitutional tort under the New York State Constitution and the Constitution of the United States, against all defendants for money damages in their official capacities." *Id*.

To the extent that this claim is not repetitive of claims already going forward, Plaintiff has not stated any additional viable claims. His supervisory liability claims on the basis of gross negligence, his state law claims, and his official capacity claims are all rejected for reasons stated previously in this decision. As to Plaintiff's equal protection claims, a state and its instrumentalities

---

[7] If the Court considered Plaintiff's request for a preliminary injunction on its merits, it would deny it for failure to show a likelihood of success. *See, e.g. Wright*, 568 F. App'x at 54 (setting forth the elements that an individual seeking a preliminary injunction must establish).

may not deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. Generalized allegations are insufficient to make out an equal protection claim. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) ("When intent is an element of a constitutional violation . . . the primary focus is not on any possible animus directed at the plaintiff; rather, it is more specific, such as an intent to disadvantage all members of a class that includes the plaintiff.").

To claim that Defendants' conduct violates his equal protection rights, Plaintiff must allege that:

> (1) . . . compared with others similarly situated, [Plaintiff] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

*FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992) (citing *Wayte v. United States*, 470 U.S. 598, 608-09 (1985)). Here, Plaintiff does not set forth allegations regarding treatment of others similarly situated or allegations that would permit an inference that disparate treatment was based on impermissible considerations. Plaintiff's Motion to Amend to raise an equal protection claim is DENIED as futile.

Next, Plaintiff re-asserts a supervisory liability claim, which the Court rejects for the same reasons stated previously. Finally, Plaintiff alleges that "members of CORC" retaliated against him by interfering with his medical care. To make out a § 1983 retaliation claim, an inmate must show: (1) that he was engaged in constitutionally protected conduct; and (2) that the prison official's conduct was taken in retaliation for the inmate's protected conduct. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). Plaintiff alleges that he engaged in constitutionally protected conduct, but he fails to show a nexus between the complaints against CORC and the denied medical treatment. Plaintiff sets forth no factual allegations that allow the Court to infer

13

that the alleged denial of medical treatment was motivated by his grievances. *See Colon*, 58 F.3d at 872 ("[W]e examine prisoner's claims of retaliation with skepticism and particular care.").

Plaintiff's Motion to Amend the Complaint is therefore DENIED as futile. The original Complaint (ECF No. 1) remains the operative pleading.

## CONCLUSION

Plaintiff's Motion to Amend (ECF No. 10) and Plaintiff's request for a preliminary injunction are DENIED. Defendants' Motion to Dismiss (ECF No. 8) all claims against Defendants Bellamy and CORC, official capacity claims for money damages, and state law claims is GRANTED. All claims against Defendant John Doe are DISMISSED and the Clerk of Court is directed to terminate Defendants Bellamy, John Doe, and CORC as parties to this action.

The remaining Defendants have until September 26, 2018 to file and serve an answer to the remaining claims.

IT IS SO ORDERED.

Dated: September 11, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court