UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

EARL REYES,

                            Plaintiff,

v.

KAREN R. BELLAMY, et al.,

                            Defendants.

———————————————————————

Case # 16-CV-191-FPG

DECISION AND ORDER

## INTRODUCTION

Pro se Plaintiff Earl Reyes, an inmate currently confined at Auburn Correctional Facility, filed this action seeking relief pursuant to 42 U.S.C. § 1983 based upon alleged violations of his civil rights while confined at Attica Correctional Facility.

On September 12, 2018, the Court granted Defendants' Partial Motion to Dismiss and denied Plaintiff's Motion to Amend the Complaint and request for a Preliminary Injunction. ECF No. 14. Currently before the Court is Plaintiff's Motion to Reconsider that Order. ECF No. 20. Plaintiff also moved for permission to appeal *in forma pauperis*. ECF No. 21. For the reasons that follow, those motions are DENIED.

## DISCUSSION

Although the basis for Plaintiff's Motion is unclear[1], the Court construes it as one for reconsideration under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] Plaintiff states that he moves "pursuant to Rule 46 of the Federal Rules of Civil Procedure" (ECF No. 20 at 1) which deals with preservation. *See* Fed. R. Civ. P. 46 ("A formal exception to a ruling or order is unnecessary.").

1

Fed. R. Civ. P. 54. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (citing *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.")).

A litigant seeking reconsideration under Rule 54(b) must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Micolo v. Fuller*, No. 6:15-CV-06374 EAW, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) ("To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'") (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Further, "[f]or new evidence to justify reconsideration, the evidence must be of such importance that it probably would have changed the outcome of the prior ruling." *Rockland Exposition, Inc. v All. of Automotive Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 341 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).

In their Motion to Dismiss, Defendants argued that the Central Office Review Committee ("CORC") could not be sued and was protected by the Eleventh Amendment, and that Plaintiff had not established Defendant Bellamy's personal involvement in the relevant claims. ECF No. 8 at 11-13. Defendants did not move to dismiss Plaintiff's Eighth Amendment medical claims

against Defendants Abassey, Michalek, or Macynus. In response, Plaintiff sought to amend his Complaint by naming individual CORC members as Defendants and adding new claims. ECF No. 10 at 5, 13.

In denying the Motion to Amend, the Court ruled that, because Plaintiff conceded that Bellamy and CORC relied on Defendant Michalek's medical opinion to deny his grievances (ECF No. 1 at 5), and because an official who investigates and denies a grievance does not, without more, become personally involved in the alleged constitutional wrong, Plaintiff had not sufficiently alleged the personal involvement of Bellamy or any individual CORC member. ECF No. 14 at 8-9; *see also McKenna v. Wright*, 386 F.3d 432, 438 (2d Cir. 2004). The Court noted that "a prison administrator is permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been 'personally involved' if he does so." *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002); *see* ECF No. 14 at 9.

In Plaintiff's Motion to Reconsider, he asks the Court to reverse its Order, allow Plaintiff to amend his Complaint, reinstate all claims against Bellamy, and permit service upon the individual CORC members. ECF No. 20 at 1. Additionally, because "an appeal that has been docketed and is pending," Plaintiff seeks an "indicative ruling pursuant to [Federal Rule of Civil Procedure] 26.1[2] . . . on the preliminary injunction." *Id.*

Plaintiff sets forth several contentions in support of his request for reconsideration. First, he realleges that the denial of his grievances is sufficient to establish the personal involvement of Bellamy and the CORC members. This is incorrect for the reasons stated above and in the Court's prior Order. *See* ECF No. 14 at 9.

---

[2] This appears to be a typographical error reversing two numbers. Rule 26 governs discovery while Rule 62.1(a) deals with "Relief Pending Appeal." *See* Fed. R. Civ. P. 26, 62.1(a).

Second, Plaintiff argues that he sues Bellamy, the Department of Corrections and Community Supervision, and others in their official capacities, "which is essentially a claim against the State of New York." ECF No. 20 at 3. Plaintiff argues that "because the New York Court of [Claims] would not have dismissed [his] claim," this Court should not have done so. *Id*. Plaintiff argues that the existence of the New York Court of Claims means that "said state has consented to be sued for money damages." *Id*.

Plaintiff's assertion confuses a state's Eleventh Amendment immunity from suit in federal court, with a state's establishment of a Court of Claims. New York's creation of a Court of Claims as the exclusive method for bringing suit against the state does not waive its immunity to suit in federal court. *See, e.g.*, *Nominee Realty v. State*, 233 A.D.2d 426, 427 (2d Dep't 1996) ("[A] claim for money damages against the State of New York [is one] for which the Court of Claims has exclusive jurisdiction."). New York has not waived its Eleventh Amendment immunity. *See Wang v. Off. of Prof'l Med. Conduct, N.Y.*, 354 F. App'x 459, 460 (2d Cir. 2009) ("The district court correctly determined that [plaintiff's] § 1981 claim was precluded by Eleventh Amendment immunity. . . [plaintiff's] state constitutional and state law claims are similarly precluded.") (summary order).

Third, Plaintiff claims that the denial of his demand for specialist care represents a statewide policy because he was again denied such care after he was transferred to Shawangunk Correctional Facility. ECF No. 20 at 4. Plaintiff contradicts this claim by conceding that each Facility Health Director has "the sole responsibility for providing treatment to the inmates under their care" including outside referrals. *Id*. Plaintiff has not sufficiently alleged any statewide policy.

Lastly, Plaintiff reargues that Defendants' Motion to Dismiss was untimely. But the docket clearly reveals that Defendants were to answer the Complaint by January 16, 2018 and they moved to dismiss on that date. ECF Nos. 7, 8.

Plaintiff did not point to controlling decisions or data that the Court overlooked, provide evidence that would change the outcome of the prior Order, or demonstrate any clear error by the Court in ruling on Defendants' Motion to Dismiss or Plaintiff's Motions to Amend and for a Preliminary Injunction. Thus, Plaintiff's Motion for Reconsideration is DENIED.

## **CONCLUSION**

Plaintiff's Motion for Reconsideration (ECF No. 20) is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore Plaintiff's Motion to Appeal *in forma pauperis* (ECF No. 21) is DENIED. *See Coppedge v. United States*, 369 U.S. 438 (1962).

IT IS SO ORDERED.

Dated: January 16, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court