UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EARL REYES,

                              Plaintiff,

                                                                                                    Case # 16-CV-191-FPG

v.

                                                                                                    DECISION AND ORDER

SALLAH ABBASEY, et al.,

                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Earl Reyes brings this civil-rights action against Defendants Dr. Sallah Abbasey, Sandra Michalek, and Marval Matyas (collectively, the "Defendants"). ECF No. 1.[1] His remaining claim is that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him adequate medical care while he was incarcerated at the Attica Correctional Facility ("Attica"). *Id.*; ECF No. 14 (granting motion to dismiss certain claims and defendants). Specifically, he claims that Defendants were deliberately indifferent to painful genital cysts, sinus issues, a dystrophic foot due to an ingrown toenail, and hemorrhoids. ECF No. 1 at 3–4, 6. On November 25, 2019, Defendants moved for summary judgment. ECF No. 32. Reyes failed to file any response. For the following reasons, Defendants' motion for summary judgment, ECF No. 32, is GRANTED, and Reyes's Complaint is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

    Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] The Complaint refers to the Defendants as Sallah Abassey, S. Michalek, and Macynus. ECF No. 1. Defendants provide the correct spelling of their names in their Statement of Undisputed Facts. ECF No. 32-2 ¶¶ 3, 7, 62. The Clerk of Court is directed to amend the caption accordingly.

1

56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins.*, 804 F.2d 9, 12 (2d Cir. 1986). The non-moving party may defeat the summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) (internal quotation marks omitted).

  Because Reyes is proceeding *pro se*, his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks omitted). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). When a *pro se* plaintiff fails to oppose a motion for summary judgment after he or she has been warned of the consequences of such a failure, "summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to a judgment as a matter of law.'" *Almonte v. Pub. Storage Inc.*, No. 11-CV-1404, 2011 WL 3902997, at *2 (S.D.N.Y. Sept. 2, 2011) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

Because *pro se* litigants are generally unfamiliar with the procedural requirements of summary judgment motions, they are provided with a specific notification when the motion is filed. *See Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001); *see also* Local R. Civ. P. 56(b). Here, the record reflects that Reyes was served with the requisite notice that informed him of his obligation to respond, his burden of producing evidence in opposition, and that Defendants' factual statements may be accepted as true if he failed to respond. ECF Nos. 32, 33. Despite these warnings, Reyes failed to respond to Defendants' motion.[2]

### FACTS

Federal Rule of Civil Procedure 56(e)(2) provides that if a party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." The same rule is contained in Local Rule of Civil Procedure 56(a)(2), which provides that:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

Because Plaintiff failed to file a response to Defendants' Statement of Undisputed Facts, ECF No. 32-2, this Court accepts the facts alleged by Defendants—which are supported by citations to evidence—as undisputed, in accordance with these rules. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998).

---

[2] This is not Reyes first failure to fulfil his obligations in this matter. He also walked out of his deposition before the Defendants' attorney had an opportunity to complete her questioning. ECF No. 32-2 ¶ 91.

Reyes was incarcerated at Attica from March 2014 through April 2017. ECF No. 32-2 ¶ 3; ECF No. 32-4 ¶ 9. During his time at Attica, Reyes's medical complaints were mostly the same. ECF No. 32-2 ¶ 5. Despite sick callout being available at Attica four days per week, ECF No. 32-2 ¶ 7, Reyes has raised his allegedly serious conditions with the medical staff at Attica only sporadically.

On April 18, 2014, Reyes complained of dental problems following treatment he previously received at a different correctional facility. *Id.* ¶¶ 14–15. Dr. Abbasey met with Reyes on April 21, 2014. *Id.* ¶ 16. Dr. Abbasey and Reyes discussed the results of an ultrasound conducted on Reyes's scrotum on April 10, 2014. *Id.* ¶¶ 10, 17–18. The ultrasound revealed only tiny cysts and required no medical intervention. *Id.* ¶¶ 19–20. Dr. Abbasey and Reyes also discussed the results of x-rays taken of Reyes's nose on April 7, 2014. *Id.* ¶¶ 11, 21. The x-rays were described as "normal" and reflected no symptoms of an underlying pathology. *Id.* ¶¶ 11, 37.

On April 25, 2014, Reyes complained of swollen gums following another dental procedure and jock itch. *Id.* ¶ 22. On April 28, 2014, Dr. Abbasey conducted a routine physical examination of Reyes, but Reyes did not request any additional medication. *Id.* ¶ 23. On May 2, 2014, Reyes had sick callout solely to request his medical records. *Id.* ¶ 25. On May 5, 2014, Reyes was seen for dryness and itching between his toes. *Id.* ¶ 26.

In a letter dated May 20, 2015 addressed to Michalek, Reyes details the various medical issues that form the basis for this action. ECF No. 1, Ex. A. On May 26, 2015, Reyes was seen by Matyas, and he complained of pain in his scrotum and a history of cysts, dry and itching feet, and a "mass" in his nose. ECF No. 32-2 ¶¶ 31, 34, 36. Reyes did not appear to be in pain, did not exhibit impaired breathing, did not complain of hemorrhoids, did not report any other issues with his feet, and did not exhibit pain on palpation of the "mass" in his nose. *Id.* ¶¶ 31–36. Matyas

examined Reyes's feet and noted "scant athlete's foot," a chronic issue. *Id.* ¶ 34. Matyas further observed that the "mass" was a nodule less than the size of a small pea. *Id.* ¶ 36. Such nodules could be caused by a number of benign conditions, are quite common, and typically harmless. *Id.* ¶ 37. Reyes has not been subsequently diagnosed with any condition related to his nose. *Id.* ¶ 43.

On October 1, 2015, Reyes was required to go to medical following an altercation with another inmate. *Id.* ¶ 47. Reyes did not make any medical complaints. *Id.* ¶ 49.

## DISCUSSION

Reyes alleges that the Defendants were deliberately indifferent to the cysts in his scrotum, his sinus issues, his dystrophic foot, and his hemorrhoids. ECF No. 1 at 3–4, 6. Defendants argue that summary judgment is proper because, among other reasons,[3] Reyes's medical issues were not sufficiently serious. ECF No. 32-1 at 9–14. The Court agrees.

"In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Wright v. Genovese*, 694 F. Supp. 2d 137, 153 (N.D.N.Y. 2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This standard consists of two elements: "The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind." *Id.*

"In order to meet the objective requirement, the alleged deprivation of adequate medical care must be 'sufficiently serious.'" *Id.* at 153–54. "Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (internal quotation

---

[3] Because the Court grants summary judgment on this ground, the Court need not assess Defendants' remaining arguments.

marks omitted). The objective requirement has two components. First is "whether the prisoner was actually deprived of adequate medical care." *Id.* Second is "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280. "[A] sufficiently serious condition is 'a condition of urgency, one that may produce death, degeneration or extreme pain.'" *Green v. Misa*, No. 09-CV-1106, 2013 WL 2458775, at *7 (W.D.N.Y. June 6, 2013).

In this case, the undisputed facts establish that Reyes's conditions were not sufficiently serious. There is no evidence that Reyes's conditions cause the sort of "extreme pain" that renders a medical need sufficiently serious. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (stating that the medical condition must be "one that may produce death, degeneration, or extreme pain"); *see also Steele v. Ayotte*, No. 17-CV-1370, 2018 WL 731796, at *12 (D. Conn. Feb. 6, 2018) ("Complaints of discomfort do not rise to the level of a serious medical need." (collecting cases)). Reyes's complaints to medical staff were sporadic at best. *Salaam v. Adams*, No. 03-CV-517, 2006 WL 2827687, at *10 (N.D.N.Y. Sept. 29, 2006) (medical condition was not serious where, among other things, the plaintiff's complaints "to medical staff were sporadic and moderate or mild in nature (i.e., not characterized by Plaintiff as 'severe,' 'extreme,' 'agonizing,' 'excruciating,' etc.)"); *Perry v. Tichler*, No. 06-CV-1361, 2009 WL 1076205, at *4 (N.D.N.Y. Apr. 21, 2009) (stating that conditions that may be "uncomfortable and painful" do not constitute serious medical conditions). In fact, between May 5, 2014 and May 20, 2015, Reyes did not complain of pain, discomfort, or other problems to medical providers for over a year, and even during his October 1, 2015 trip to medical (which was the result of an altercation with another inmate, not Reyes's complaints) he did not raise any medical concerns.

This Court has previously found that Reyes toe, sinus, and genital issues were not sufficiently serious to satisfy the objective prong in connection with his claims related to his

6

medical treatment at a different correctional facility. *Reyes v. Wenderlich*, No. 14-CV-6338, 2018 WL 1210892, at *7–8 (W.D.N.Y. Mar. 8, 2018). Reyes similarly fails to demonstrate a sufficiently serious condition here. Because the undisputed facts demonstrate that Reyes cannot satisfy the objective prong of his deliberate-indifference claim, summary judgment is appropriate.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment, ECF No. 32, is GRANTED, and Reyes's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of Court is directed to amend the caption to reflect the correct spelling of Defendants' names: "Sallah Abbasey," "Sandra Michalek," and "Marval Matyas." The Clerk of Court is further directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 30, 2020
    Rochester, New York

 _____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court